UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JANELLE BREVARD,

    Plaintiff,                CASE NO.:

vs.

NATIONAL ASSOCIATION
OF REALTORS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JANELLE BREVARD (hereinafter referred as "Brevard" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant NATIONAL ASSOCIATION OF REALTORS (hereinafter referred as "NAR" or "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C. §1981a ("Section 1981"). As a result, and for the violation of Plaintiff's rights to be free from sexual harassment, gender discrimination, race discrimination and retaliation, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages,

emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## **PARTIES**

2. Plaintiff was an employee of Defendant in its Washington D.C. location from August 2019 until September 13, 2022.

3. Plaintiff worked for Defendant as its Chief Storyteller.

4. Defendant is America's largest trade association, representing 1.5 million members, including Defendant's institutes, societies, and councils, involved in all aspects of the residential and commercial real estate industries.

5. Defendant's membership is composed of residential and commercial brokers, salespeople, property managers, appraisers, counselors, and others engaged in the real estate industry.

6. Defendant operates an office and does business in Washington, D.C.

## **JURISDICTION & VENUE**

7. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII and Section 1981. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

8. The acts and omissions giving rise to this action occurred in Washington, D.C.

9. Defendant conducts business in Washington, D.C.

10. Plaintiff was employed with Defendant in Washington, D.C.

11. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

12. This is an action at law raises a federal question under federal law.

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

14. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## **STATUTORY PREREQUISITES**

15. Plaintiff is an African American female who suffered sexual harassment, gender discrimination, race discrimination and retaliation.

16. Plaintiff is a member of a class of individuals protected by Title VII and Section 1981.

17. Plaintiff was qualified for her position of employment as Chief Storyteller.

18. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII.

19. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII.

20. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2022.

21. The EEOC issued a Notice of Right to Sue on May 5, 2023.

22. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

23. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

24. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

25. Plaintiff was hired in or around August 2019 as Chief Storyteller.

26. Throughout her employment with Defendant, Plaintiff performed her job in an outstanding manner and never had any performance related issues.

27. Similarly, Plaintiff had no disciplinary issues during her employment with Defendant.

28. On or around July 2022, Defendant apparently hired Polsinelli LLC, a large national law firm, to conduct an investigation into allegations of a sexually hostile workplace environment created by then President-elect

Kenny Parcell ("Parcell"). It was the second year in a row that Polsinelli had been hired to investigate sexual misconduct complaints concerning Parcell. The previous year the firm had interviewed female members (non-staff) of the organization who had levied complaints about Parcell.

29. Apparently, three (3) female NAR employees, all of whom were white, complained about behavior they had either experienced or witnessed from Parcell, including sending lewd text messages and photos, forcibly placing a female staff member's hands on his genitals and publicly berating and refusing to work with a pregnant staff member.

30. Interestingly enough, Parcell, who is a white male, is the current President of NAR, after being elevated to that position in November 2022.

31. As President-elect and President of NAR, Parcell had authority to make decisions regarding the terms and conditions of employment of NAR employees including Plaintiff.

32. Indeed, Parcell often commented to Plaintiff about him playing a role in having employees either disciplined or terminated.

33. Further, Parcell, as President-elect and President of NAR, represented NAR membership and influence the establishment of goals and objectives for NAR during his terms of service.

34. Accordingly, Parcell was an agent of Defendant.

5

35. Although Plaintiff was not one of the three women complaining about Parcell's sexual harassment, her name was provided to the Polsinelli attorneys who were investigating the sexual harassment allegations, as an employee who may have also experienced Parcell's unlawful workplace conduct.

36. Thereafter, the Polsinelli attorneys requested that Plaintiff submit to an interview to discuss her experiences with Parcell.

37. Plaintiff was interviewed in July 2022 and during this interview, Plaintiff spoke truthfully regarding her personal experiences with Parcell, including their sexually explicit conversations as well as Parcell's request for sexual favors.

38. Plaintiff also shared with the Polsinelli attorneys, various text messages, photos and other items evidencing the sexual relationship between Plaintiff and Parcell.

39. The information Plaintiff provided the Polsinelli attorneys during the investigation clearly showed Parcell violated Defendant's sexual harassment policy as it related to his interactions with Plaintiff.

40. Plaintiff also discussed with the Polsinelli attorneys that the sexual relationship between she and Parcell went on for months until June 2022 when Plaintiff informed Parcell that she no longer wished to continue the relationship.

41. Parcell was angry at the Plaintiff's decision to end their relationship and continued to engage in inappropriate sexual behavior.

42. Parcell even threatened to retaliate against Plaintiff if she refused to continue the relationship; and he did.

43. Specifically, Parcell would exclude Plaintiff from meetings Plaintiff would normally attend; he excluded Plaintiff from business trips she would normally attend; Parcell would disparage Plaintiff at every turn; and Parcell even made several threats to Plaintiff that he would terminate her employment.

44. Plaintiff complained to Defendant regarding Parcell's retaliation.

45. Shortly after meeting with Polsinelli attorneys, Plaintiff was called into a meeting and shockingly was informed that her employment was being terminated for alleged "failure to disclose a relationship with Parcell."

46. Curiously, Plaintiff was the only woman who met with the Polsinelli attorneys, that was terminated.

47. What's more, Plaintiff was the only person in a two-person relationship that was terminated.

48. Indeed, Defendant terminated Plaintiff's employment and took no action against the white participant in the relationship, other than elevating him to President of NAR two months after Plaintiff's termination.

49. Defendant's reason for termination was false and a pretext for sexual harassment, gender discrimination, racial discrimination, and retaliation.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

50. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 49, as though fully stated herein.

51. Plaintiff is a member of a protected class because she is female.

52. At all material times, Plaintiff was qualified to perform her job duties.

53. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

54. Defendant did not subject the male employees to discriminatory treatment.

55. Plaintiff suffered an adverse employment action when she was terminated.

56. The discrimination to which Plaintiff was subjected was based on her gender.

57. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

58. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

61. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

## COUNT II
## RACE DISCRIMINATION OF PLAINTIFF
## IN VIOLATION OF TITLE VII

62. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 41, and 47 through 49, as though fully stated herein.

63. Defendant discriminated against Plaintiff based on her race.

64. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

65. Notably, Defendant treated Plaintiff differently than similarly situated white individuals.

66. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

67. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Non-pecuniary damages afforded under Section 1981;

    f. Costs and attorney's fees; and

    g. Such other relief as the Court may deem just and proper.

## COUNT III
## SEXUAL HARASSMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

68. Plaintiff realleges and adopts all allegations contained within paragraphs 1 through 49, as though fully stated herein.

69. Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Parcell, and this conduct was based upon and directed at Plaintiff by reason of her gender.

70. Plaintiff noticed Defendant, through its management, which was otherwise aware of the sexually harassing and discriminatory conduct, but Defendant failed to take any appropriate corrective actions.

71. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

72. During the times referenced herein, Plaintiff was subject to constant sexually explicit commentaries.

73. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's rights.

74. During the course of her employment Plaintiff was forced to work in a sexual discriminatory and hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

75. Defendant's management was aware of the hostile work environment and acquiesced in the environment.

76. Defendant's actions were open and obvious.

77. As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

  e. Non-pecuniary damages afforded under Section 1981;

  f. Costs and attorney's fees; and

  g. Such other relief as the Court may deem just and proper.

<h2 style="text-align:center"><u>COUNT IV</u><br>DISCRIMINATION OF PLAINTIFF<br>IN VIOLATION OF 42 U.S.C. §1981</h2>

78. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 41 and 47 through 49, as though fully stated herein.

79. Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

80. At all times material, Plaintiff was an employee of the Defendant.

81. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was an employer within the meaning of Section 1981.

82. Defendant deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

83. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

84. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

85. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

86. Based on the foregoing allegations as set forth in paragraphs 1-33 the Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

## COUNT V
## RETALIATION OF PLAINTIFF
## IN VIOLATION OF 42 U.S.C. §1981

87. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 49, as though fully stated herein.

88. Plaintiff is an African American individual and therefore a member of the protected class and/or is non-white as set forth in and pursuant to 42 U.S.C. §1981.

89. At all times material, Plaintiff was an employee of the Defendant.

90. At all times material, Defendant through its agents, representatives and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981.

91. Defendant deprived Plaintiff of her civil rights under 42 U.S.C. § 1981 by discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment by discriminating and retaliating against Plaintiff with the specific purpose of humiliating, embarrassing, ostracizing and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further employment.

92. Defendant has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements or relationships with the Defendant.

93. To this end, Plaintiff engaged in protected activity by complaining of disparate treatment.

94. Plaintiff suffered an adverse action.

95. Pursuant to 42 U.S.C. §1981(a), "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

96. Pursuant to 42 U.S.C. §1981 (b), "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

97. Based on the foregoing allegations as set forth in paragraphs 1-33, Defendant violated Plaintiff's civil rights under 42 U.S.C. §1981 by discriminating and retaliating against Plaintiff in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship between Plaintiff and the Defendant.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Non-pecuniary damages afforded under Section 1981;

    f.    Costs and attorney's fees; and

    g.    Such other relief as the Court may deem just and proper.

## COUNT VI
## RETALIATION OF PLAINTIFF

## **IN VIOLATION OF TITLE VII**

98. Plaintiff realleges and adopts allegations contained in paragraphs 1 through 49, as though fully stated herein.

99. Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior and sexual harassment against her.

100. Plaintiff suffered an adverse employment action when she was terminated from her employment with Defendant.

101. A causal connection exists between the protected activity and the adverse action.

102. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because Defendant treated Plaintiff less favorably because of her complaints of sexual harassment.

103. Defendant does not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

104. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

107. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Non-pecuniary damages afforded under Section 1981;

f. Costs and attorney's fees; and

g. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 27th day of June, 2023.

Respectfully submitted,

<u>s/ Anthony Hall</u>
Anthony Hall, Esquire – LEAD COUNSEL
FBN: 40924
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***